**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

SAN JOSE DIVISION

13

| KENDRA AND LANCE ANDERSON, | ) | Case No.: 13-0636 PSG |
|---|---|---|
| Plaintiffs, | ) ) | **ORDER GRANTING DEFENDANTS'** |
| v. | ) | **MOTION TO DISMISS** |
| U.S. BANK, N.A., et al, | ) ) | **(Re: Docket Nos. 8)** |
| Defendants. | ) ) ) | |

14
15
16
17
18

19      In this foreclosure action, Defendants U.S. Bank, N.A., et al, ("Defendants") move to

20    dismiss the complaint filed by Plaintiffs Kendra and Lance Anderson ("Plaintiffs"), proceeding pro

21    se, pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Civil L.R. 7-1(b), the court found oral

22    argument unnecessary to resolution of this motion.  Having reviewed the parties' papers, the court

23    GRANTS the motion to dismiss.

24
25
26
27
28

1

Case No.: 13-0636 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## I.   BACKGROUND

The court draws the following facts from Plaintiffs' complaint.  Plaintiffs reside at 2326 Antonelli Court, Santa Cruz, California 95062 (the "Subject Property").[1]  On or about March 21, 2007, Plaintiffs obtained a residential loan and executed a promissory note ("Note") in commitment to repay the lender, Washington Mutual Bank, FA ("WaMu").[2]  Plaintiffs also executed a deed of trust ("DOT"), on which WaMu was identified as the lender and California Reconveyance Company ("CRC") was identified as the trustee.[3]

At some point following the execution of these mortgage instruments, WaMu entered receivership under the Federal Deposit Insurance Corporation ("FDIC"), which sold many of WaMu's assets – including Plaintiff's DOT and Note – to JP Morgan Chase Bank N.A. ("JP Morgan").[4]  According to Plaintiffs, their loan was sold along with other notes into a "Mortgage Backed Security" issued by WAMU Mortgage Pass-Through Certificates Series 2007-HY6 Trust ("Mortgage Pass-Through Trust").[5]  Plaintiffs allege that this sale prevents any of Defendants from asserting a beneficial interest in the loan or from recording any notices of default on the loan.[6]

On June 7, 2012, Title Trust Deed Service Co. ("TTDS"), representing itself as the trustee of the DOT, recorded a notice of default and election to sell ("NOD") in Santa Cruz County.[7]  On September 19, 2012, TTDS, again representing itself as the trustee, recorded a notice of trustee's

---

[1] *See* Docket No. 1 at ¶ 1.

[2] *See id.* at ¶¶ 13-14.

[3] *See id.* at ¶ 15.

[4] *See id.* at ¶ 16.

[5] *See id.* at ¶ 19.

[6] *See id.*

[7] *See id.* at ¶ 17.

2

Case No.: 13-0636 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

1
2
3

sale ("NOTS") in Santa Cruz County.[8] Plaintiffs assert that US Bank, N.A. ("US Bank") is the current trustee for the Mortgage Pass-Through Trust and that JP Morgan is the servicer of their loan.[9]

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

Plaintiffs allege that WaMu's sale of the Note and the underlying DOT to the Mortgage Pass-Through Trust did not comply with the trust's pooling service agreement ("PSA").[10] They specifically claim that the PSA requires an unbroken chain of title ending in assignment to the Mortgage Pass-Through Trust before the trust's closing, and that Defendants failed to comply with this requirement.[11] They assert that as a result WaMu failed to assign effectively the Note to US Bank as the trustee of the Mortgage Pass-Through Trust and so neither US Bank nor JP Morgan has standing to foreclose on the Subject Property.[12] Plaintiffs also allege that they are third-party beneficiaries to the PSA.[13] They finally assert that the timing of the assignment reveals that the DOT was either abandoned or never assigned to a new lender.[14]

From these factual allegations, Plaintiffs claim that Defendants lack standing to foreclose on the Subject Property, that Defendants violated Cal. Civ. Code § 2923.5, that Plaintiffs are entitled to declaratory relief regarding the rights of the various parties to the Note, the DOT, and the Subject Property, that Plaintiffs are entitled to injunctive relief, and that they are entitled to quiet title declaration naming them as the only parties with interest in the Subject Property.

20
21

----

22

[8] *See id.* at ¶ 18.

23

[9] *See id.* at ¶¶ 20-21.

24

[10] *See id.* at ¶ 35.

25

[11] *See id.* at ¶¶ 51-53.

26

[12] *See id.* at ¶ 36.

27

[13] *See id.*

28

[14] *See id.* at ¶ 60.

**United States District Court**
For the Northern District of California

3

Case No.: 13-0636 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

1

## II.   LEGAL STANDARDS

2

3

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief."[15] If a plaintiff fails to proffer "enough facts to state a claim to relief that is

4

plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief

5

may be granted.[16] A claim is facially plausible "when the pleaded factual content allows the court

6

to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

7

Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged

8

9

in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of

10

sufficient facts alleged under a cognizable legal theory."[18]

11

On a motion to dismiss, the court must accept all material allegations in the complaint as

12

true and construe them in the light most favorable to the non-moving party.[19] The court's review is

13

limited to the face of the complaint, materials incorporated into the complaint by reference, and

14

matters of which the court may take judicial notice.[20] However, the court need not accept as true

15

allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[21]

16

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that

17

18

the complaint could not be saved by amendment."[22]

19

20

[15] Fed. R. Civ. P. 8(a)(2).

21

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

22

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

23

[18] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

24

[19] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

25

[20] *See id.* at 1061.

26

[21] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

27

28

[22] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Case No.: 13-0636 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**United States District Court**
For the Northern District of California

### III.   DISCUSSION

**A.   Request for Judicial Notice**

Defendants request judicial notice various foreclosure-related documents recorded in the Santa Cruz County Recorder's Office (Exhibits 1, 2, 4, 5, and 6).[23]  Defendants also request judicial notice of a purchase and assumption agreement ("P&A Agreement") between the FDIC and JP Morgan regarding the transfer of WAMU assets to JP Morgan (Exhibit 3).[24]  The court may take judicial notice of a "fact that is not subject to reasonable dispute because it is generally known . . . or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[25]  Plaintiffs have not objected to the judicial notice.  The authenticity of the foreclosure-related documents is not in dispute and may be verified by resort to the public record, and the P&A Agreement may be accessed from the FDIC's website.[26]  The court, however, will not rely on facts contained within the documents that reasonably may be subject to dispute.[27]  The Defendants' request for judicial notice therefore is GRANTED as to all documents.

**B.   Motion to Dismiss**

**1.   Defendants' Standing**

Styled as a request for declaratory relief, Plaintiffs seek from the court a determination of whether Defendants have standing to initiate foreclosure on the Subject Property.  Defendants oppose that request, arguing that California's nonjudicial foreclosure scheme allows them to move

---

[23] *See* Docket No. 9 Exs. 1, 2, 4, 5.

[24] *See* Docket No. 9 Ex. 3.

[25] Fed. R. Evid. 201(b).

[26] *See* Fed. R. Ev. 201(b)(2).

[27] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (finding the district court erred in relying on disputed facts contained within documents that otherwise were the proper subject of judicial notice). *See also* Fed. R. Evid. 201(b).

Case No.: 13-0636 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

forward with the foreclosure without a judicial determination of ownership.  Defendants also assert that California law does not require recording of the assignment of a deed of trust prior to initiation of foreclosure, that Plaintiffs do not have standing to challenge the securitization of the loan, and that Plaintiffs have suffered no prejudice as a result of the securitization of the loan.

California courts have determined that nonjudicial foreclosure process does not provide a cause of action or a basis for declaratory relief for Plaintiffs to force Defendants to show they are authorized to initiate foreclosure.  "Nothing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated."[28]  "The recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures."[29]

Plaintiffs seek from this court what California courts already have determined is not available under the foreclosure statutes: a determination of whether Defendants have the right to initiate foreclosure.  Because California's foreclosure process does not provide the recourse Plaintiffs seek, the motion to dismiss the declaratory relief request as premised on a challenge to Defendants' authority to initiate foreclosure is GRANTED WITHOUT LEAVE TO AMEND.

### 2.    California Civil Code Section 2923.5

Plaintiffs allege that Defendants failed to comply with the requirements of Cal. Civ. Code § 2923.5,[30] which obligate a mortgage servicer to contact the borrower and discuss options regarding

---

[28] *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. Appl. 4th 1149, 1154 (2011).

[29] *Id.* at 1155.

[30] The California Legislature amended Section 2923.5 to add new requirements for notices of default filed after January 1, 2013.  *See* S.B. 900, 2011-2012 Leg., Reg. Sess. (Cal. 2012).  Because the NOD at issue here was filed before that date, the court looks to the earlier version of Section 2923.5.  *See* S.B. 306, 2009-2010 Leg., Reg. Sess. (Cal. 2009).

6

Case No.: 13-0636 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

United States District Court
For the Northern District of California

1

2

3

the loan prior to filing a notice of default.[31]  Pointing to the NOD, Defendants assert that the declaration contained therein is judicially noticeable and so Plaintiffs cannot maintain their claim that Defendants failed to comply with Section 2923.5.

4

5

6

7

8

9

10

The NOD, which is one of the documents of which Defendants request to court to take judicial notice, includes a declaration of compliance, on which JP Morgan's representative indicated that the "mortgagee, beneficiary or authorized agent tried with due diligence but was unable to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5."[32]  The declaration does not state what steps JP Morgan took to comply.

11

12

13

14

15

16

17

As the court earlier observed, judicial notice of facts in dispute within the documents are not subject to judicial notice.  The fact that Defendants filed the NOD with a declaration of compliance is noticeable; the statement that Defendants complied with their Section 2923.5 obligations, on the other hand, is not.  Plaintiffs allege that they were not contacted by Defendants prior to the filing of the NOD.  Their allegations dispute the assertion in the declaration of compliance.  The declaration therefore does not defeat Plaintiffs' claim.

18

19

20

21

22

23

The court nevertheless finds that dismissal of Plaintiffs' Section 2923.5 claim is appropriate, but on preemption grounds rather than because of the declaration of compliance. Several courts, including this one, have concluded that the Home Owners' Loan Act ("HOLA")[33] preempts Section 2923.5 when the underlying loans originate with federally-chartered savings banks.[34]  By Plaintiffs' own admission, WaMu is the originator of their loans,[35] and WaMu was a

24

25

26

27

28

---

[31] *See* Cal. Civ. Code § 2923.5(a)(1), (2) (2009).

[32] Docket No. 9-1 Ex. 4.

[33] 12 U.S.C. § 1461.

7

Case No.: 13-0636 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

federally-chartered savings institution.  The loan therefore is subject to HOLA and Section 2923.5

is inapplicable.  The motion to dismiss the Section 2923.5 claim therefore is GRANTED

WITHOUT LEAVE TO AMEND.

### 3.    Quiet Title

Plaintiffs seek for the court to quiet title of the Subject Property in Plaintiffs' favor.  "A

quiet title action must include: (1) a description of the property in question; (2) the basis for

plaintiff's title; and (3) the adverse claims to plaintiff's title."[36]  "[T]o satisfy the second

requirement, plaintiff must allege that he has discharged his debt, regardless to whom it is owed."[37]

In other words, "to state a claim, [p]laintiffs must allege a valid and viable offer of tender."[38]

Plaintiffs provide no indication that they have offered tender to discharge their debt or that

they plan to.  They seek only a declaration that they have title to the Subject Property, despite the

loan they admit they received and for which they offered the Subject Property as security.  Their

claim for quiet title thus fails.  Because this is Plaintiffs' first attempt to state a quiet title claim, the

court finds that pursuant to Fed. R. Civ. P. 15(a), leave to amend the complaint is appropriate.  The

motion to dismiss therefore is GRANTED WITH LEAVE TO AMEND.

---

[34] *See, e.g., Nguyen v. JP Morgan Chase Bank N.A.*, Case No. 12-cv-4183 PSG, 2013 WL 2146606, at *6 (N.D. Cal. May 15, 2013); *Varela v. Wells Fargo Home Mortg.*, Case No. C-12-3502 KAW, 2012 WL 6680261, at *6 (N.D. Cal. Dec. 21, 2012) (quoting 12 C.F.R. §560.2(b)(10)); *see also Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022, 1033 (N.D. Cal. Oct. 27, 2010), *DeLeon v. Wells Fargo Bank, N.A.*, 729 F.Supp.2d 1119, 1127 (N.D. Cal. 2010) (collecting cases with similar holdings), *Parcray v. Shea Mortg., Inc.*, Case No. CV-F-09-1942 OWW/GSA, 2010 WL 1659369, at *9 (E.D. Cal. Apr. 23, 2010) (concluding that HOLA preempts section 2923.5 because it "concerns the processing and servicing of [the plaintiff]'s mortgage").

[35] *See* Docket No. 1 at ¶¶ 13-14.

[36] *Sowinski v. Wells Fargo Bank, N.A.*, Case No. 11-6431-SC, 2012 WL 5904711, at *2 (N.D. Cal. Nov. 26, 2012) (internal citations and quotations omitted).

[37] *Id.* (internal citations and quotations omitted).

[38] *Id.*

8

Case No.: 13-0636 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**4.     Injunction**

Although styled as a cause of action, Plaintiffs' request for an injunction is a remedy, not a separate claim of liability against Defendants.  On those grounds, the injunction "claim" is dismissed.  Furthermore, because the court has determined that none of the underlying claims as currently pleaded are viable, an injunction at this stage is not an appropriate remedy.

## IV.     CONCLUSION

Plaintiffs' request for declaratory relief regarding Defendants' standing to foreclose and their Section 2923.5 claim are dismissed without leave to amend.  The quiet title claim is dismissed with leave to amend.  Plaintiffs shall file any amended complaint within fourteen days of this order.

**IT IS SO ORDERED.**

Dated:  July 31, 2013

PAUL S. GREWAL
United States Magistrate Judge

9

Case No.: 13-0636 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**